# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 17-481V
### Filed: August 6, 2019
### UNPUBLISHED

JOANNE GURNEY,

                Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                Respondent.

Special Processing Unit (SPU);
Damages Decision Based on Proffer;
Influenza (Flu) Vaccine; Shoulder
Injury Related to Vaccine
Administration (SIRVA)

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA, for petitioner.*
*Julia Marter Collison, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On April 4, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") following receipt of her October 1, 2015 influenza ("flu") vaccination. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On March 19, 2019, a ruling on entitlement was issued, finding petitioner entitled to compensation for shoulder injury. On July 25, 2019, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $55,339.06,

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

representing compensation for pain and suffering ($55,000.00), and past unreimbursable expenses ($339.06).  Proffer at 1-2.  In the Proffer, respondent represented that petitioner agrees with the proffered award.  *Id.*  Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $55,339.06 (representing compensation for pain and suffering ($55,000.00), and past unreimbursable expenses ($339.06)) in the form of a check payable to petitioner, Joanne Gurney.**  This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

|  |  |  |
|---|---|---|
| | ) | |
| JOANNE GURNEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | **No. 17-481V** |
| v. | ) | **Chief Special Master Dorsey** |
| | ) | **ECF** |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION[1]**

On April 4, 2017, Joanne Gurney ("petitioner") filed a petition for compensation under

the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act"

or "Act"), alleging that she suffered a shoulder injury related to vaccine administration

("SIRVA") as a result of an influenza ("flu") vaccine administered to her on October 1, 2015.

On March 19, 2019, the Special Master issued a Ruling on Entitlement finding petitioner entitled

to compensation.

**I.      Items of Compensation**

A.      Pain and Suffering

Respondent proffers that Joanne Gurney should be awarded $55,000.00 in actual and

projected pain and suffering.  This amount reflects that the award for projected pain and

---

[1]      The parties have no objection to the amount of the proffered award of damages. Assuming the special master issues a damages decision in conformity with this proffer, the parties waive their right to seek review of such damages decision.  However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Special Master's March 19, 2019, entitlement decision.

suffering has been reduced to net present value.  *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner

agrees.

B.      Unreimbursable Expenses

Evidence supplied by petitioner documents Joanne Gurney's unreimbursable expenses as

a result of her vaccine injury.  Respondent proffers that petitioner should be awarded

unreimbursable expenses in the amount of $339.06, as provided under the Vaccine Act, 42

U.S.C. § 300aa-15(a)(1)(B).  Petitioner agrees.

## II.     Form of the Award

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

Respondent recommends that the compensation provided to Joanne Gurney should be made

through a lump sum payment as described below and requests that the Special Master's decision

and the Court's judgment award the following[2]:  a lump sum payment of $55,339.06,

representing compensation for pain and suffering ($55,000.00), and past unreimbursable

expenses ($339.06), in the form of a check payable to petitioner, Joanne Gurney.

## III.    Summary of Recommended Payments Following Judgment

Lump sum payable to petitioner, Joanne Gurney:                    **$55,339.06**


Respectfully submitted,


JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

---

[2]      Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

GABRIELLE M. FIELDING
Assistant Director
Torts Branch, Civil Division

/s/ Julia M. Collison
JULIA M. COLLISON
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Ben Franklin Station
Washington, DC 20044-0146
Tel:    (202) 305-0102

Dated:          July 25, 2019